Cox v. Miller

---

JAMES ALBERT COX, PETITIONER v. BOYD C. MILLER, JR., COMMISSIONER, N. C. DEPARTMENT OF MOTOR VEHICLES, RESPONDENT

No. 756SC295

(Filed 6 August 1975)

Automobiles § 2— driver's license — decision of Medical Review Board — judicial review — jurisdiction

A petitioner seeking judicial review of a decision of the North Carolina Driver License Medical Review Board must file such petition in the Superior Court of Wake County pursuant to G.S. 143-309 [now G.S. 150A-45] and may not obtain a hearing under G.S. 20-25 in the superior court of the county in which he resides. G.S. 20-9 (g) (4) (f).

APPEAL by respondent from Martin (Perry), Judge. Judgment entered 15 February 1975 in Superior Court, BERTIE County. Heard in the Court of Appeals 11 June 1975.

On 27 August 1974, the Department of Motor Vehicles informed petitioner that his driving privileges were being cancelled effective 10 September 1974 upon the recommendation of a medical advisor after an evaluation of his medical records. Petitioner thereupon requested a review before the North Carolina Driver License Medical Review Board, and the cancellation was withdrawn pending a hearing. On 15 October 1974, petitioner appeared, evidence was presented and a record prepared.

In its order of 23 October, the Board found facts concerning petitioner's alcoholism and concluded that he was "suffer-

ing from such physical or mental disability or disease as would serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle while operating the same upon the highways, such disease being: alcoholism with a history of driving while intoxicated." The Board ordered that petitioner not be granted driving privileges and sustained the order of the Department of Motor Vehicles withdrawing his license. The Board further ordered that petitioner never be granted driving privileges without the express authority of the Board.

Petitioner then petitioned for a review before the resident superior court judge of the Sixth Judicial District. Respondent filed a motion to dismiss on 11 November 1974 alleging lack of jurisdiction over the subject matter, improper venue and failure to state a claim upon which relief could be granted. The Medical Review Board's order was stayed and a hearing was scheduled in Superior Court, Craven County, on 9 December 1974. After hearing, judgment was entered which overruled respondent's motion to dismiss and decreed that the decision of the Medical Review Board revoking petitioner's driving privileges was null and void. Respondent appealed.

*Attorney General Edmisten by Assistant Attorney General William B. Ray for respondent.*

*Cherry, Cherry, Flythe & Evans by Joseph J. Flythe for petitioner.*

CLARK, Judge.

On appeal, respondent contends that judicial review of the action of the Medical Review Board in this case is provided only in Article 33 of Chapter 143 of the General Statutes since G.S. 20-9 (g) (4) (f) provides that "[a]ctions of the reviewing board are subject to judicial review as provided under Article 33 of Chapter 143 of the General Statutes." Petitioner, on the other hand, argues that G.S. 20-9 (g) (4) (f) merely provides *additional* judicial review to that already provided in G.S. 20-25, wherein a person who has been denied a license or had their license suspended by "the Department" under its discretionary authority may petition for a hearing in the superior court of the county in which he resides.

Petitioner, however, overlooks one crucial point in his argument in that G.S. 20-25 provides for judicial review in a

petitioner's resident county from discretionary suspensions, etc., which are imposed "by the Department." Under G.S. 20-4.2 (3), " 'Department' means the Department of Motor Vehicles of North Carolina." However, when a license is denied by the Commissioner because he has found, pursuant to G.S. 20-9 (e) the licensee to be so suffering from physical or mental disability or disease as to prevent him from exercising reasonable and ordinary control over the vehicle, that denial may be reviewed by a reviewing board which "shall consist of the Commissioner or his authorized representative and four persons designated by the chairman of the Commission for Health Services." G.S. 20-9 (g) (4). Per diem and expenses for these four members are to be paid out of funds allocated for that Commission and not from funds allocated to "the Department." The effect is that the Medical Review Board is not a board functioning under the authority of the Department of Motor Vehicles but is one which serves to provide administrative medical review of denials by the Commissioner of licenses for physical and mental reasons. Even the procedural exercise of this review power is totally independent from the Department since G.S. 20-9 (g) (4) in substance provides the licensee with a *de novo* hearing.

Since the licensee sought administrative review by the Medical Review Board, he placed himself under the integrated jurisdictional provision of G.S. 20-9 (g) (4) (f) which relegates him to the review provisions of Chapter 143, to wit, G.S. 143-309, which provides, "In order to obtain judicial review of an administrative decision under this Chapter the person seeking review *must* file a petition in the Superior Court of Wake County; . . . " (Emphasis added). It is noted that G.S. 143-309 has been repealed effective July 1, 1975 and now appears substantially as G.S. 150A-45.

The only proper jurisdiction therefore was in the Superior Court of Wake County and respondent's motion to dismiss should have been allowed.

For the foregoing reasons, the judgment below is

Vacated.

Judges MORRIS and VAUGHN concur.